IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SARA J. EASON, | ) | CASE NO. 4:25-CV-00222-CEH |
| | ) | |
| Plaintiff, | ) | JUDGE CARMEN E. HENDERSON |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**I. Introduction**

Sara Eason ("Eason" or "Claimant"), seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI"). This matter is before me by consent of the parties under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 21). For the reasons set forth below, the Court REMANDS this case for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g).

**II. Procedural History**

On June 28, 2010,[1] Eason filed an application for SSI, alleging a disability onset date of June 17, 2010, and claiming she was disabled due to mood disorder; post-traumatic stress disorder and delayed academic skills secondary to traumatic brain injury (ECF No. 7, PageID #: 308). On August 15, 2016, the Claimant's disability was determined to have continued. (ECF No. 7, PageID #: 206). On June 23, 2022, the SSA found Eason to no longer be disabled. (ECF

---

[1] There is some confusion in the record as to Claimant's application date—with the ALJ's decision containing no filing date (ECF No. 7, PageID #: 127) and other transcript documents and Claimant's brief listing the date as June 28, 2010. (ECF No. 7, PageID #: 308; ECF No. 9 at 2).

1

No. 7, PageID #: 208–10). On March 30, 2023, Eason requested a hearing before an administrative law judge ("ALJ"). (ECF No. 7, PageID #: 251–52). On December 6, 2023, an ALJ held a hearing, during which Claimant, not represented by counsel, and an impartial vocational expert testified. (ECF No. 7, PageID #: 143–69). On, January 16, 2024, the ALJ issued a written decision finding Eason was not disabled. (ECF No. 7, PageID #: 124). The ALJ's decision became final on December 5, 2024, when the Appeals Council declined further review. (ECF No. 7, PageID #: 28–34).

On May 16, 2025, Eason filed her Complaint to challenge the Commissioner's final decision. (ECF No. 1.) The parties have completed briefing in this case. (ECF Nos. 9, 12, 13). Eason asserts the following assignment of error, "[t]he record contains new and material evidence that was not submitted for good cause and therefore, under Sentence Six, this case should be remanded for further proceedings." (ECF No. 9 at 2).

### III. Background

#### A. Relevant Hearing Testimony

The ALJ summarized the relevant testimony from Eason's hearing:

> The claimant reports the individual and combined effects of the disorders she experiences have resulted in more than minimal interruption and alteration of daily routines and ability to function. Specifically, the claimant alleges she experiences mood swings with anger, outbursts, and emotional dysregulation. Moreover, the claimant has a history of exposure to trauma with nightmares. Furthermore, the claimant states her impairments result in disturbed sleep, as well as deficits in attention, concentration, memory, completing tasks, understanding, following instructions, getting along with others, coping with stress, and dealing with changes in routine. Additionally, the claimant has medicinal side effects such as drowsiness and weight gain. Lastly, the claimant posits she experiences an inability to tend to the full spectrum of routine daily tasks, secondary to the limitations caused by her impairments (Exhibits 2E, 3E, 6E, 8E – 10E, 12E, 15E, 17E – 19E and Testimony).

(ECF No. 7, PageID #: 133).

**B. Relevant Medical Evidence**

The ALJ also summarized Eason's health records and symptoms:

> As for the medical evidence, first, the statement from Ms. Stephens establishes the claimant has been engaging in individual psychotherapy with medicinal management going back to 2014 (Exhibit 12F). This is consistent with treatment notes from the Counseling Center, from 2015 to 2016, where Ms. Stephens is the claimant's case manager. Ms. Stephens reported overall improvement despite some ongoing difficulties, which is consistent with these treatment notes (Exhibits 12F and 13F).
>
> Thereafter, ongoing treatment notes from the Counseling Center, from April 2021 to May 2022, show continued overall stability for the claimant with management of her impairments (Exhibit 3F). For example, on December 29, 2021, the claimant reported she was doing well with a good mood. The claimant denied any medicinal side effects. The claimant also exhibited a generally benign mental status upon examination (Exhibit 3F, p. 51).
>
> Going forward, the record tends to show waxing and waning of symptoms. On June 8, 2022, Ms. Boyle noted the claimant reported some mood swings and irritability, although the claimant's mental status remained generally benign (Exhibit 6F, pp. 17 – 18). On July 20, 2022, the claimant returned to Ms. Boyle, and the claimant reported symptom improvement. The claimant's mental status remained essentially benign (Exhibit 6F, pp. 22 – 23).
>
> Following that, on October 19, 2022, the claimant met with Dr. Johnson, and she likewise reported the claimant had a benign mental status (Exhibit 5F). This is consistent with ongoing treatment notes from the Counseling Center, up to December 2022 (Exhibit 6F). On January 12, 2023, the claimant returned to the counseling center, and these records show the claimant had consistently been reporting a "good" or "pretty good" mood for over a year, but she had some recent issues after forgetting to take her medication for multiple days. The claimant's symptoms again abated with medical compliance (Exhibit 9F).
>
> In April 2023, the claimant did seek emergent care after a reaction to a new medication, but this condition did not require inpatient treatment (Exhibit 10F). Finally, continuation of care records from

> the Counseling Center, up to August 2023, show a continuation of this pattern, with relatively benign mental status examinations and no more than waxing and waning of symptoms without notable mention of medicinal side effects (Exhibits 9F and 11F).

(ECF No. 7, PageID #: 133–34).

## IV. The ALJ's Decision

The ALJ made the following findings relevant to this appeal:

> 1. The most recent favorable medical decision finding that the claimant continued to be disabled is the determination dated August 15, 2016. This is known as the "comparison point decision" or CPD.
>
> 2. At the time of the CPD, the claimant had the following medically determinable impairments: mood disorder; post-traumatic stress disorder and delayed academic skills secondary to traumatic brain injury. These impairments were found to meet section 12.04 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)).
>
> 4. Since June 1, 2022, the claimant has not had an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).
>
> 8. Since June 1, 2022, based on the current impairments, the claimant has had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand and remember simple instructions and can maintain attention, concentration and persistence to carry out simple instructions. She cannot perform work requiring a specific production rate, such as assembly line work or work that requires hourly quotas. The claimant can use judgment to make simple, work-related decisions. She can have occasional interaction with supervisors, co-workers and the public. She can deal with infrequent changes in a routine work setting.

(ECF No. 7, PageID #: 129, 132).

## V. Law & Analysis

### A. Standard of Review

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

**B. Standard for Disability**

The Social Security regulations outline a five-step process that the ALJ must use in determining whether a claimant is entitled to supplemental-security income or disability-insurance benefits: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) if not, whether the claimant can perform her past relevant work in light of her residual functional capacity ("RFC"); and (5) if not, whether, based on the claimant's age, education, and work experience, she can perform other work found in the national economy. 20

C.F.R. § 404.1520(a)(4)(i)–(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006). The claimant bears the ultimate burden of producing sufficient evidence to prove that she is disabled and, thus, entitled to benefits. 20 C.F.R. § 404.1512(a). Specifically, the claimant has the burden of proof in steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at step five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.*

### C. Discussion

Eason raises the following issue on appeal, "[t]he record contains new and material evidence that was not submitted for good cause and therefore, under Sentence Six, this case should be remanded for further proceedings." (ECF No. 9 at 2). The Court addresses this issue below.

#### 1. Sentence Six Framework

When determining whether the ALJ's decision is supported by substantial evidence, a reviewing Court is constrained to reviewing the record that was before the ALJ. *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 685 (6th Cir. 1992); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 478 (6th Cir. 2003). However, under sentence six of 42 U.S.C. § 405(g), the reviewing court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

> The Sixth Circuit has interpreted this statute as creating the following requirements for a remand to consider new evidence: that the evidence be "new"- that is, "not in existence or available to the claimant at the time of the administrative proceeding"; that the evidence be "material," which requires showing a "reasonable probability" that the Commissioner would have reached a different

6

> disposition of the claim if presented with the new evidence; and that "good cause" exists for not producing the evidence in a prior proceeding, which requires showing "a reasonable justification for the failure to acquire and present the evidence of inclusion in the hearing before the ALJ."

*Phillips v. Comm'r of Soc. Sec.*, No. 5:19-CV-01261, 2020 WL 1159376, at *10 (N.D. Ohio Mar. 10, 2020) (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citations and internal quotations omitted)). The party seeking the remand bears the burden of showing that a sentence six remand is appropriate. *Oliver v. Sec'y of Health & Hum. Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). However, a court may remand a case under sentence six either upon motion or *sua sponte*. *Gifford v. Comm'r Soc. Sec.*, No. 5:20-CV-559, 2021 WL 3737912, at *4 (N.D. Ohio Aug. 24, 2021) (citing *Street v. Comm'r of Soc. Sec.*, 390 F. Supp. 2d 630, 640 (E.D. Mich. 2005) ("[U]nder the plain language of § 405(g), the Court can properly grant a sentence six remand *sua sponte*, based on its finding that the post-decision material is both new and material.") (internal citation omitted)).

If a district court remands a claim under sentence six, the court "does not affirm, reverse, or modify the Commissioner's decision," rather, it remands for further administrative proceedings without ruling on the merits." *Prater v. Comm'r of Soc. Sec.*, 235 F. Supp. 3d 876, 880 (N.D. Ohio 2017) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991)). And jurisdiction in the event of such a remand would remain with the district court, *i.e.*, a sentence-six remand "is not a final judgment that can be appealed." *Id.*

### 2. Claimant had Good Cause for Failing to Present New, Material Evidence in Earlier Proceedings.

Following the ALJ's decision, Claimant presented additional evidence to be considered by the Appeals Council. That evidence consisted of records from Treatment records from Columbiana

7

County Mental Health Clinic dated June 24, 2023 through December 26, 2023; Treatment records from Columbiana County Counseling Center dated January 23, 2024 through May 1, 2024; A "Mental Health Counselor Statement" by Ms. Stephens dated May 21, 2024; a Medical Opinion Letter completed by Ms. Boyle and mailed to the Social Security Administration on March 4, 2024; A February 22, 2024 statement by Ms. Boyle; Treatment records from Generational Behavioral Health dated February 1, 2024 until February 6, 2024; A statement by Jennifer Joseph, APRN, of Aspire Mental Health dated February 21, 2024; and a treatment record from Trinity Medical Center dated February 13, 2024. (ECF No. 7, PageID #: 24). Eason asserts that, "[w]hile some of the treatment records submitted to the Appeals Council were before the ALJ issued a decision, the majority of the findings including both medical source statements and the letter from another new provider were all dated after the ALJ's decision. Thus, they were not in existence at the time of the administrative proceeding." (ECF No. 9 at 9). She further asserts, the new evidence is material as "the evidence specifically identifies several functional restrictions that were far more limiting than the ALJ's residual functional capacity" and would bar Eason from competitive employment. *Id.*

The Commissioner argues that the "evidence is not new and material, and […] Plaintiff has not shown that she had good cause for failing to submit it." (ECF. No. 12 at 8). Specifically, Commissioner argues that evidence dated before the ALJ's decision is not new, that all additional evidence, dated both before and after the ALJ's decision, is cumulative and therefore not material. (ECF. No. 12 at 4–5). Furthermore, Commissioner argues that Claimant failed to establish good cause for her failure to submit the additional evidence to the ALJ earlier. (ECF. No. 12 at 6).

The Court agrees in part with the Commissioner's sentence six remand analysis and, as discussed in further depth below, does find some support in the record that the evidence presented

to the Appeals Council was new and material and that good cause exists for Eason's failure to present such evidence to the ALJ during the prior administrative proceeding.

      i.      **The Evidence that Eason Asks be Considered by the ALJ Pursuant to Sentence Six Remand Is New Evidence.**

Evidence is considered new, for purposes of a sentence six remand, "only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). Courts within this circuit seem to disagree on what "administrative proceeding" means in this context. Some assert that to be new, evidence must not have been in existence or available to the claimant at the time of the ALJ's decision, *see, e.g.*, *Beaty v. Comm'r of Soc. Sec.*, No. 1:10-CV-894, 2012 WL 3779700, at *7 (W.D. Mich. Aug. 3, 2012), *report and recommendation adopted*, No. 1:10-CV-894, 2012 WL 3779912 (W.D. Mich. Aug. 31, 2012)) (finding that the records the claimant presented to the Appeals Council were not "new" for sentence six remand purposes because they were created before the ALJ issued his decision); *Long v. Comm'r of Soc. Sec.*, No. 1:20-CV-1490, 2021 WL 2530216, at *3 (N.D. Ohio June 21, 2021) (finding the claimant could not show that a record created before the ALJ hearing was new), while others assert that evidence is new for sentence six remand purposes if it was not in existence or available to the claimant at the time of the administrative hearing in front of the ALJ. *See, e.g.*, *Belcher v. Comm'r of Soc. Sec. Admin.*, No. 5:22-CV-01903-JRA, 2023 WL 6963544, at *6 (N.D. Ohio Aug. 24, 2023), *report and recommendation adopted sub nom. Belcher v. Comm'r of Soc. Memorandum of Opinion & Sec.*, No. 5:22CV1903, 2023 WL 6958661 (N.D. Ohio Oct. 20, 2023) (finding records submitted to the Appeals Council were new because they pertained to evidence not in existence at the time of the administrative hearing); *Guthrie v. Comm'r of Soc. Sec.*, No. 18-13784, 2019 WL 8435278 (E.D. Mich. Nov. 26, 2019), report and recommendation adopted, No. 18-13784, 2020

9

WL 913816, at *5 (E.D. Mich. Feb. 26, 2020) (finding "medical records created after the date of the hearing are 'new' for purposes of the sentence six remand analysis"). In an abundance of caution for Claimant's interests, this Court will consider evidence "new" under 42 U.S.C. § 405(g) if the evidence did not exist or was unavailable to Claimant at the time of the ALJ's hearing, here, December 6, 2023.

Thus, the Treatment records from Columbiana County Counseling Center dated January 23, 2024 through May 1, 2024; A "Mental Health Counselor Statement" by Ms. Stephens dated May 21, 2024; a Medical Opinion Letter completed by Ms. Boyle and mailed to the Social Security Administration on March 4, 2024; A February 22, 2024 statement by Ms. Boyle; Treatment records from Generational Behavioral Health dated February 1, 2024 until February 6, 2024; Statement by Jennifer Joseph, APRN, of Aspire Mental Health dated February 21, 2024; and a treatment record from Trinity Medical Center dated February 13, 2024, are all new as they are dated after December 6, 2023, the date of the ALJ hearing. (ECF No. 7, PageID #: 24). Notably, the Commissioner concedes that these records are new "because they were not in existence as of the date the ALJ decision was issued." (ECF. No. 12 at 5).

In contrast, the Court agrees the majority of the Columbiana County Mental Health Clinic Records dated June 24, 2023, through December 26, 2023, occurred before the December 6, 2023, hearing and therefore are not new as they were in existence before the administrative proceeding. (ECF No. 7, PageID #: 35–61). However, there is one record that occurred after the December 6, 2023, hearing date. The record is dated December 26, 2023. (ECF No. 7, PageID #: 62–63). As such, this Court finds the Columbiana County Mental Health Clinic record dated December 26, 2023, to be new evidence. (ECF No. 7, PageID #: 62–63).

    ii.    **Claimant Met her Burden showing that Some of her Evidence was Material.**

### a. The Medical Opinions of Ms. Stephens and Ms. Boyle are not Material

For purposes of a sentence six remand, "evidence is 'material' only if there is 'a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence.'" *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (quoting *Sizemore v. Sec'y of Health & Hum. Servs.*, 865 F.2d 709, 711 (6th Cir.1988)). However, "Evidence is not material if it is cumulative of evidence already in the record, or if it merely shows a worsening condition after the administrative hearing." *See Prater v. Comm'r of Soc. Sec.*, 235 F. Supp. 3d 876, 2017 WL 588496 at * 2 (N.D. Ohio 2017). *See also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 478 (6th Cir.2003); *Sizemore*, 865 F.2d at 712 ("Reviewing courts have declined to remand disability claims for reevaluation in light of medical evidence of a deteriorated condition"); *Deloge v. Comm'r of Soc. Sec.*, 540 Fed. Appx. 517, 2013 WL 5613751 at * 3 (6th Cir. 2013). Courts within this Circuit also reject claims of new medical opinions suggesting greater RCF limitations as evidence of materiality. *See e.g.*, *Latoya Congress obo J.M. v. Comm'r of SSA*, No. 1:22-cv-01623, 2023 WL 4687624, at *17 (N.D. Ohio July 6, 2023); *Kinsley*, 2018 WL 3121621, at *21.

Eason argues that "[t]he 'new' evidence fits this requirement … as the evidence specifically identifies several functional restrictions that were far more limiting than the ALJ's residual functional capacity. In fact, considering these new limitations, it is clear that Ms. Eason would not be able to sustain competitive employment if limited in the same capacity." (ECF No. 9 at 9).

Moreover, Eason contends that:

- First, Ms. Stephens completed an assessment form documenting several "serious" limitations. Tr 70-71. She found that Ms. Eason would have serious limitations in accepting instructions, getting along with coworkers, dealing with stress, and setting unrealistic goals. *Id.* While it may not be clear from those opinions, it is clear from Ms. Stephens' opinion that Ms. Eason

11

- would miss more than 4 days of work per month. Tr 71. The vocational witness testified that if an individual would miss more than 1 day per month, the individual would not be able to sustain competitive employment. Tr 140. Thus, Ms. Stephens' assessment was material.
- Second, Ms. Boyle also provided part of a medical source statement. Tr 72. Likewise she provided opinions regarding several areas of limitation for Ms. Eason. For example, Ms. Boyle found that Ms. Eason was unable to meet competitive standards when it came to completing a normal workday or week ad [sic] accepting instructions and responding appropriately to criticism from supervisors. *Id.* These limitations, the inability complete a normal workday or week or respond appropriately to supervisors, would prevent any individual from performing any job. Thus, this assessment was material as well.

(ECF No. 9 at 10). The Commissioner argues that the evidence submitted on appeal was cumulative of evidence already submitted in the record. (ECF. No. 12 at 5). Thus, the evidence does not rise to the level of materiality required. *Id.* Specifically, the Commissioner states, "Plaintiff appears to assume that, if the ALJ had the new opinions of Ms. Stephens and Ms. Boyle, she would have adopted them and found Plaintiff disabled." *Id.* Moreover, the Commissioner contends, "… it is not enough to simply present new medical opinion evidence providing extra detail and speculate that an ALJ could have feasibly accepted that evidence." *Id.*

The Court agrees with the Commissioner. In regard to the December 26, 2023, Columbiana County Mental Health Clinic record, this evidence does not appear to differ significantly from evidence within the record already considered by the ALJ. (ECF No. 7, PageID #: 62–63). And Eason does not explain how this evidence meaningfully differs from previous examinations so that it is reasonably probable it will change the ALJ's mind. Furthermore, the Court agrees with the Commissioner regarding the materiality of the medical opinions of both Ms. Stephens' and Ms. Boyle's, provider records dated January 23, 2024, through May 1, 2024.

12

First, in Ms. Stephens' Mental Health Counselor Statement she opined that Claimant was "Seriously Limited" in the following categories: accepting instructions and responding appropriately to criticism from supervisors, getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes, dealing with normal work stress, setting realistic goals or making plans independently of others, dealing with stress of semiskilled and skilled work, maintaining socially appropriate behavior, traveling in an unfamiliar place, and using public transportation. (ECF No. 7, PageID #: 97–98). Notably, pursuant to the Mental Health Counselor Statement, "'Seriously Limited' means your patient has noticeable difficulty from 11 to 20 percent of the workday or work week." (ECF No. 7, PageID #: 97).

Second, Ms. Boyle's Medical Opinion regarding Claimant's ability to perform work-related activities opined that Claimant was "Seriously Limited" in various abilities. (ECF No. 7, PageID #: 99). Specifically, Ms. Boyle found Claimant to be "Seriously Limited" in the following categories: maintaining attention for two-hour segments, maintain regular attendance and being punctual within customary, usually strict tolerances, sustaining an ordinary routine without special supervision, working in coordination with or proximity to others without being unduly distracted, performing at a consistent pace without an unreasonable number and length of rest periods, getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes, responding appropriately to changes in a routine work setting, dealing with normal work stress, being aware of normal hazards and taking appropriate precautions. (ECF No. 7, PageID #: 99). As stated above, "'Seriously Limited' means your patient has noticeable difficulty from 11 to 20 percent of the workday or work week." (ECF No. 7, PageID #: 99).

However, Claimant does not demonstrate that Ms. Boyles or Ms. Stevens Medical opinions are material. Claimant argues that "[t]he 'new' evidence [is material under the *Sizemore*

13

standard] … as the evidence specifically identifies several functional restrictions that were far more limiting than the ALJ's residual functional capacity." (ECF No. 9 at 10). Yet, a doctor simply providing extra detail in support of her opinions does not render her post-hearing opinion material. For example, in *Kinsley v. Berryhill*, a court in the Northern District of Ohio rejected a claimant's similar argument where the claimant argued that the two opinions submitted by the claimant's doctor after the ALJ's decision were material because they were "far more detailed" than previously submitted opinions. No. 5:17-cv-00604, 2018 WL 3121621 (N.D. Ohio Jan. 24, 2018. Here, both Ms. Boyle and Ms. Stephens previously submitted provided medical evidence considered by the ALJ. On June 8, 2022, Ms. Boyle noted the claimant reported some mood swings and irritability, although the claimant's mental status remained generally benign. (ECF No. 7, PageID #: 133). On July 20, 2022, the claimant returned to Ms. Boyle and reported symptom improvement. *Id*. The ALJ considered Ms. Stephens' opinion that claimant had experienced overall improvement "despite some ongoing difficulties." *Id.* Therefore, the later created medical opinions of both Ms. Stephens and Ms. Boyle, dated March 4, 2024, through May 21, 2024, are not material as Courts in this Circuit do not consider doctors simply providing extra detail in support of her opinions to be material evidence under sentence six.

> b. **Claimant's February 22, 2024, statement by Ms. Boyle, Statement by Jennifer Joseph, APRN, of Aspire Mental Health dated February 21, 2024, are not material.**

For the same reasons, the February 22, 2024, statement by Ms. Boyle, Statement by Jennifer Joseph, APRN, of Aspire Mental Health dated February 21, 2024, are not material. First, Claimant does not address if there is a "reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with [this] new evidence." *Sizemore v. Secretary of Health and Human Services*, 865 F. 2d 709 (6th Cir. 1988). Claimant's brief is silent upon this

14

issue and does not address these opinions. (ECF. No. 9 at 4-6). Additionally, it is within the ALJ's discretion to determine the issue of disability, and the ALJ is not required to base his RFC findings on any one opinion. *See Rudd v. Comm'r of Soc. Sec.*, 531 Fed. App'x 719, 728 (6th Cir. 2013). Thus, Claimant does not assert how there is a "reasonable probability" that the submission of these opinions would have changed the outcome, thus they are not material.

    c. **Claimant's Treatment records from Columbiana County Counseling Center dated January 23, 2024, through May 1, 2024; Treatment records from Generational Behavioral Health dated February 1, 2024, until February 6, 2024, and a treatment record from Trinity Medical Center dated February 13, 2024, are material.**

Although, courts in this Circuit have found that treatment notes of "fairly significant mental health treatment" to be material under Sentence Six. *See Brown v. Colvin*, No. 1:13-cv-01242-cgc, 2017 U.S. Dist. LEXIS 21771, at *17 (W.D. Tenn. Feb. 16, 2017) (remanding under Sentence Six for admission of Claimant's mental health treatment records). Similarly, the Court finds Treatment records from Columbiana County Counseling Center dated January 23, 2024, through May 1, 2024; Treatment records from Generational Behavioral Health dated February 1, 2024, until February 6, 2024, and a treatment record from Trinity Medical Center dated February 13, 2024, are material. The ALJ's assessment for all four areas of Claimant's mental functioning, finds moderate limitations using the exact same conclusion, "… therapy records show, at worst, waxing and waning of symptoms with the possibility for good symptom control and benign mental status examinations with medicinal management. Additionally, the claimant's impairments have not required inpatient psychiatric admission during the period at issue." (ECF No. 7, PageID #: 130). Specifically, the recent therapy records dated January 23, 2024, through May 1, 2024, and February 1, 2024, until February 6, 2024, include, a psychiatric hospitalization due to increased depression and anger, along with suicidal thinking, and self-harm prior to admission (ECF No. 7,

15

PageID #: 68, and); frequent outbursts (ECF No. 7, PageID #: 78, 87); and medication adjustment due to severity of symptoms (ECF No. 7, PageID #: 87-95, 108-120). The ALJ explicitly relies upon Claimant's lack of symptoms, lack of hospitalization, and consistent management of medications in order to formulate the RFC. (ECF No. 7, PageID #: 130). The new records contrast the ALJ's assessment for all four areas of Claimant's mental functioning. Therefore, it is reasonably probable that this evidence could change the ALJ's RFC determination, and ultimately her disability determination. Thus, these treatment records are material.

  iii. **The Record Reflects Good Cause for Eason's Failure to Present the New and Material Evidence During the Prior Administrative Proceeding.**

For purposes of a sentence six remand, the Sixth Circuit employs the good cause test. The test requires that a claimant provide "a valid reason for [her] failure to obtain evidence prior to the hearing." *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986)); *see also Saliba*, 2022 WL 18811452, at *9 ("[A] claimant cannot simply point to the fact that the evidence was not created until after the ALJ hearing but must establish good cause for why she did not cause the evidence to be created and produced until after the administrative proceeding."); *Perkins v. Apfel*, 14 F. App'x 593, 598-99 (6th Cir. 2001). This includes "detailing the obstacles that prevented the admission of the evidence." *Courter v. Commr. of Social Sec.*, 479 Fed. Appx. 713, 725 (6th Cir. 2012).

Eason contends that her failure to timely provide the new evidence is due to a lack of representation, significant mental impairments, including a learning disability, and her lack of education. (ECF No. 9 at 11). The Commissioner argues that Eason failed to establish good cause as, "Plaintiff was able to not only assist in the development of the record at the ALJ hearing level (citation omitted) but secure much of the new evidence that she later, through her representative, provided to the Appeals Council." (ECF No. 12 at 6).

16

However, the Commissioner's argument fails as Courts in this Circuit consider obstacles such as Plaintiff's lack of counsel, mental impairment, and lack of education to establish "good cause" under Sentence Six. *See Grant v. Astrue*, No. 2:07-CV-344, 2008 U.S. Dist. LEXIS 114265, at *11-12 (S.D. Ohio Aug. 6, 2008) ("Given plaintiff's lack of counsel and apparent mental impairment, combined with her lack of education, there is no basis for concluding that plaintiff acted unreasonably in failing to either acquire or present this evidence to the administrative law judge"); *but see Walton v. Astrue,* 773 F. Supp. 2d 742, 753 (N.D. Ohio 2011) (*"*Walton's limited finances and lack of health insurance does not excuse his failure to timely either acquire or present the evidence to the ALJ. Walton was represented by counsel during the administrative hearing before the ALJ and, overall, the record does not reflect the factors that would distinguish him from the majority of near destitute claimants who timely submit medical evidence"). In this case, the Court finds Claimant established good cause as her lack of representation during the ALJ's hearing, mental impairment, and lack of education suggest that Claimant did not act unreasonably in failing to present this evidence in a timely manner. Here, the Court notes that the record reflects that Claimant requires extensive assistance in filing evidence with the Court. (ECF. No. 7, PageID: 350-365). Claimant largely relies upon her mother, Rachel Eason, to file her records. *Id.* Claimant was uncomfortable being alone in the hearing with the ALJ and the ALJ refused to allow her mother to attend the virtual hearing with her. (ECF No. 7, PageID: 145-47). Based on these difficulties and Claimant's lack of counsel or third-party representative present at the ALJ hearing on December 6, 2023, this Court finds the requisite good cause. (ECF No. 7, PageID: 143).

In sum, the Court finds Claimant had good cause for failing to present the following new, material evidence in earlier proceedings: Treatment records from Columbiana County Counseling Center dated January 23, 2024, through May 1, 2024; Treatment records from Generational

17

Behavioral Health dated February 1, 2024, until February 6, 2024; and a treatment record from Trinity Medical Center dated February 13, 2024. However, Claimant did not bear her burden in establishing that the medical statements of both Ms. Stephens LPCC-S and Ms. Boyle MSN, FNP-BC; A February 22, 2024, statement by Ms. Boyle; and Statement by Jennifer Joseph, APRN, of Aspire Mental Health dated February 21, 2024, were material evidence. Moreover, Claimant did not establish that Treatment records from Columbiana County Mental Health Clinic dated June 24, 2023, through December 26, 2023, were new or material.

## VI. Conclusion

Based on the foregoing, the Court finds that sentence six remand requiring the ALJ to consider the Treatment records from Columbiana County Counseling Center dated January 23, 2024, through May 1, 2024; Treatment records from Generational Behavioral Health dated February 1, 2024, until February 6, 2024; and a treatment record from Trinity Medical Center dated February 13, 2024 is proper, as the evidence is new and material, and good cause exists for Claimant's failure to incorporate it into the record in an earlier proceeding.  Thus, the Court REMANDS this matter under sentence six of 42 U.S.C. § 405(g) for further administrative proceedings and consideration of new and material evidence including the Treatment records from Columbiana County Counseling Center dated January 23, 2024, through May 1, 2024; Treatment records from Generational Behavioral Health dated February 1, 2024, until February 6, 2024; and a treatment record from Trinity Medical Center dated February 13, 2024. The case is administratively closed, subject to reopening upon motion by the parties.

**IT IS SO ORDERED**

Dated: November 3, 2025

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE